# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 1, 2010

138577 & (116)(117)

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

ALEXANDER ACEVAL,
     Defendant-Appellant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 138577
COA: 279017
Wayne CC: 05-003228-01

On November 4, 2010, the Court heard oral argument on the application for leave to appeal the February 5, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motions for expedited consideration and for immediate consideration are DENIED as moot.

MARKMAN, J. (*dissenting*).

I respectfully dissent. This case is singular and, hopefully, will remain as much. It is an extraordinary "case without precedent and very likely without duplicate hereafter," *People v Smith*, 405 Mich 418, 436 (1979), in which the prosecutor, the judge, and the police, were each involved in enabling perjured testimony. As the Court of Appeals observed, their conduct was "disgraceful," "plainly reprehensible," and "opprobrious." At the end of this deeply flawed trial, the jury was unable to reach a verdict and the judge declared a mistrial. Over defendant's objection, a second trial began and defendant eventually pled guilty.

I am of the view that the jury — which could not reach a verdict of guilty even absent an awareness of the tainted evidence — would almost certainly have found it to be of significance as to the credibility of the principal witness against defendant that the witness had been promised, upon defendant's conviction, 10% of the expected forfeiture proceeds, an amount estimated to be as much as $100,000. Had the jury been made aware of this evidence, as it should have been, there is a reasonable chance that defendant

would have been acquitted, which acquittal under the United States and Michigan Constitutions would have barred a second trial.

I am further of the view that had it become known during trial that: (a) the principal witness testified falsely concerning this interest; (b) that such testimony was known to be false by both the prosecutor and the judge; and (c) that the prosecutor and the judge colluded in allowing such false testimony, a mistrial almost certainly would have been required on account of such misconduct. And such a mistrial — one occasioned by circumstances directly "attributable to prosecutorial [and] judicial overreaching" — would almost certainly have deprived the prosecutor, under either the due process or the double jeopardy clauses of the United States and Michigan Constitutions, of a second opportunity to try the defendant. *United States v Dinitz*, 424 US 600, 607 (1976). That such circumstances did not come to light until after the trial, and that the state therefore was able to try defendant a second time "cannot make an unconstitutional second trial retrospectively valid." *People v Lett,* 466 Mich 206, 229 (2002) (CAVANAGH, J., dissenting.)

Because defendant's trial neither entailed a search for the truth, nor adhered to constitutional first principles of fair procedure, I would reverse the Court of Appeals, vacate defendant's conviction, and hope never again to see such a case within our criminal justice system.

HATHAWAY, J. (*dissenting*).

I would grant leave to appeal in this matter because the issues before us are significant and worthy of full Court review before this Court renders its decision.

CORRIGAN, J., states as follows:

I am not participating because I may be a witness in a related case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 1, 2010

p1123

_____
Clerk